UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| CLAYTON G. WALKER,<br><br>Plaintiff,<br><br>vs.<br><br>MG OIL COMPANY, doing business as The Park Restaurant,<br><br>Defendant. | 5:25-CV-05029-RAL<br><br><br>OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S ANSWER |

Plaintiff Clayton G. Walker brought this lawsuit pro se alleging employment discrimination against MG Oil Company ("MG Oil"). Doc. 1. Now pending before this Court is Walker's motion to strike MG Oil's answer as untimely. Doc. 36. For the reasons discussed below, Walker's motion to strike, Doc. 36, is denied.

I.     **Procedural Background**

When Walker commenced this action, in addition to MG Oil, he named Marilyn Erickson, Troy Erickson, John Hayward, Don Williamson, and Mickey Tillman as defendants. Doc. 1. Defendants filed a motion to dismiss for failure to state a claim and for lack of subject-matter jurisdiction. Doc. 15. This Court granted in part and denied in part defendants' motion to dismiss. Doc. 26 at 6–33. All claims except Walker's SDCL § 20-13-10 and Title VII disparate treatment claims against MG Oil were dismissed. Id. at 33.

On January 2, 2026, Walker filed a "Notice of Default" stating that the 14-day deadline to respond to the complaint following the denial of MG Oil's motion to dismiss had expired. Doc.

27. The Clerk of Court declined to enter a default under Federal Rule of Civil Procedure 55(a) because defendants "have shown an intent to defend." Doc. 31. Walker then moved for an entry of default under Rule 12(a)(4) of the Federal Rules of Civil Procedure. Doc. 32. At the time Walker moved for default, MG Oil had not yet answered Walker's complaint.[1] On the same day that Walker moved for entry of default under Rule 12(a)(4), MG Oil filed its answer. Doc. 33. This Court denied Walker's motion for entry of default under Rule 12(a)(4). Doc. 42 at 1–3, 6.

After MG Oil answered, Walker moved to strike the answer as untimely. Doc. 36. This Court directed MG Oil to show cause why its answer should not be stricken as untimely. Doc. 42 After considering MG Oil's response to the order to show cause, Docs. 43, 44. Walker's motion to strike, Doc. 36, is denied because MG Oil has demonstrated good cause and excusable neglect to extend its time to answer.

## II.   Discussion and Analysis

Federal Rule of Civil Procedure 6(b)(1)(B) permits a court to extend the time for a party to act after the expiration of the time to do so "if the party failed to act because of excusable neglect." "Excusable neglect is an 'elastic concept' that empowers courts to accept, 'where appropriate, . . . late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control.'" Chorosevic v. MetLife Choices, 600 F.3d 934, 946 (8th Cir. 2010) (quoting Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 392, 388 (1993)). "The determination of whether neglect is excusable 'is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" Id. (quoting Pioneer, 507 U.S. at 395). Factors to consider include: "(1) the possibility of prejudice to the [non-

---

[1] The order denying MG Oil's motion to dismiss was entered on December 5, 2025, so MG Oil's was due on December 19, 2025. Doc. 26; Fed. R. Civ. P. 12(a)(4)(A).

2

moving party], (2) the length of the delay and the potential impact on judicial proceedings, (3) the reasons for the delay, including whether the delay was within the party's reasonable control, and (4) whether the party acted in good faith." Kurka v. Iowa Cnty., 628 F.3d 953, 959 (8th Cir. 2010). The United States Court of Appeals for the Eighth Circuit has instructed that "[t]he entry of a default judgment for a marginal failure to comply with the time requirements . . . should be distinguished from dismissals or other sanctions imposed for willful violations of the court rules, contumacious conduct, or intentional delays." United States ex rel. Time Equip Rental & Sales, Inc. v. Harre, 983 F.2d 128, 130 (8th Cir. 1993)

Here, the delay was brief, and MG Oil promptly answered when Walker moved for default. See In re Jones Truck Lines, Inc., 63 F.3d 685, 688 (8th Cir. 1995) (stating that a "court abuses its discretion if it enters a default judgment for a marginal failure to comply with the time requirements." (quotation omitted)). Further, MG Oil's failure to timely answer was due to inadvertent oversight instead of bad faith or contumacious conduct. See Docs. 43, 44. Excusable neglect "does not require a showing that the party was without fault[.]" Huggins v. FedEx Ground Package Sys., Inc., 592 F.3d 853, 857 (8th Cir. 2010). Under similar circumstances, the Eighth Circuit has held that it is an abuse of discretion not to find excusable neglect. See, e.g., Union Pac. R.R. Co. v. Progress Rail Servs. Corp., 256 F.3d 781, 782–83 (8th Cir. 2001) (finding that the district court abused its discretion by not finding excusable neglect where defendant failed to timely answer because of "faulty record-keeping" in the legal department). Finally, although Walker summarily asserts that the delay will prejudice him, see Doc. 37 at 1, "'a marginal failure to comply with time requirements' should not prejudice the non-moving party." Counts v. Wasko, No. 4:23-CV-04103-KES, 2024 WL 4068651, at *4 (D.S.D. Sept. 5, 2024) (quoting Oberstar v.

F.D.I.C., 987 F.2d 494, 504 (8th Cir. 1993)).  Walker has not demonstrated that the seventeen-day

by MG Oil in filing its answer has unduly prejudiced him.  For these reasons, it is

ORDERED that Walker's motion to strike, Doc. 36, is denied.

DATED this 21st day of April, 2026.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE

4