UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| CLAYTON G. WALKER,<br>Plaintiff,<br><br>vs.<br><br>MG OIL COMPANY,<br>Defendant. | 5:25-CV-05029-RAL<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR AN ORDER DIRECTING SERVICE OF HIS SUBPOENAS |

Plaintiff, Clayton G. Walker, commenced this pro se employment discrimination lawsuit. Doc. 1. Walker's claims under Title VII and SDCL § 20-13-10 for disparate treatment based on race and gender as well as his claims under Title VII and SDCL § 20-13-26 for retaliation remain pending. Doc. 26 at 15–17, 21–24, 33. Walker moves for an order directing the United States Marshals Service (USMS) to serve subpoenas. Doc. 77.[1]

Federal Rule of Civil Procedure 45(a)(3) provides the "clerk must issue a subpoena, signed but otherwise in blank, to a party who requests it. That party must complete it before service." Fed. R. Civ. P. 45(a)(3). Although attorneys authorized to practice in the District of South Dakota may issue and sign a subpoena, litigants proceeding pro se must request blank, signed subpoenas from the Clerk of Court. Id. According to the docket, Walker requested and the Clerk of Court issued blank, signed subpoenas duces tecum.

[1] Walker titles his motion as a request for "Service of Subpoenas[,]" but it appears from the docket that his request is limited to one subpoena duces tecum. Docs. 71-1, 77 (emphasis in original omitted).

Walker now moves for an order directing the United States Marshals Service (USMS) to serve his subpoenas. Doc. 77. Walker's motion, however, does not identify what subpoena or subpoenas he wants the USMS to serve, and the exhibits to his motion do not include a subpoena. Doc. 77; Doc. 77-1.

According to Walker's motion, he "has already given Notice to the Defendants sent by certified mail . . . [and] seeing no objections or quash from the Defendants, [he] asks to grant this motion." Doc. 77 at 1. Exhibit A to Walker's motion, however, demonstrates only that Defendants' counsel received an item of certified mail; it does not include a copy of the contents of what was sent by certified mail. Doc. 77-1 at 1. On July 2, 2026, Walker filed a "Notice of Intent to Serve a Subpoena Duces Tecum toa [sic] non-party[.]" Doc. 71 (emphasis in original omitted). But the subpoena duces tecum attached to the Rule 45(a)(4) notice is blank. Doc. 71-1 at 1–3. Even assuming a copy of the notice that Walker filed was served on Defendants' counsel by certified mail, Walker has not complied with Rule 45(a)(4). Providing a party a copy of a blank subpoena that does not identify the party on whom the subpoena is to be served or the documents, electronically stored information, or objects that are commanded to be produced does not permit a party a meaningful opportunity to object or to move to quash the subpoena.

Further, some district courts in the Eighth Circuit require a pro se litigant proceeding in forma pauperis to submit, along with a request for the USMS to serve a subpoena duces tecum, a memorandum explaining how the specified documents or other information are relevant to the plaintiff's claims and why the plaintiff believes the person or entity to be subpoenaed has possession of the documents to assist the court in exercising its inherent supervisory power over in forma pauperis subpoenas. See, e.g., Lee v. Durbin, No. 4:22-CV-112 RLW, 2022 WL 4078869, at *1 (E.D. Mo. Sep. 6, 2022). A court may exercise its inherent supervisory authority

to protect the resources of the court and the USMS and to prevent harassment and undue expense of other parties and nonparties. Id. (citing Lloyd v. McKendree, 749 F.2d 705, 707 (11th Cir. 1985)). See also Jackson v. Brinker, No. IP 91-471-C, 1992 WL 404537, at *7 (S.D. Ind. Dec. 21, 1992) (stating that a court may refuse an indigent party's request to have the USMS serve a subpoena duces tecum that is "frivolous, requests immaterial or unnecessary information, is unduly burdensome, . . . or is otherwise unreasonable or abusive of the court's process[.]"). Here, however, the Court cannot ascertain whether the subpoena duces tecum Walker seeks to have the USMS serve is frivolous, unduly burdensome, requests information beyond the scope of discovery, or is otherwise unreasonable or abusive because the record does not include a completed copy of the subpoena duces tecum. Accordingly, Walker's motion for an order directing the USMS to serve his subpoenas, Doc. 77, is denied. Thus, it is

ORDERED that Walker's motion for order directing the USMS to serve his subpoenas, Doc. 77, is denied. It is further

ORDERED that Walker's motion to withdraw his motion for sanctions, Doc. 85, is granted and Walker's motion for sanctions, Doc. 84, is denied as moot. It is finally

ORDERED that Walker's motion requesting guidance regarding filing audio exhibits, Doc. 79, is denied as moot. Walker delivered to the Clerk of Court's office in Rapid City a thumb drive containing the audio recordings. See Doc. 70; see also Doc. 80.

DATED this 14th day of August, 2026.

BY THE COURT:

ROBERTO A. LANGE
CHIEF JUDGE